IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Amber Renaye Coston-Moore, | ) | No. 1:06-CV-01183-RCC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| L. Medina, et al., | ) | |
| Defendant. | ) | |

Pending before the Court is the Government's Motion to Dismiss (Doc. 15). The issue has been fully briefed, and the Court now denies the motion for the reasons discussed below.

**I.   Motion to Dismiss**

Plaintiff filed her complaint on September 1, 2006, under 42 U.S.C. §1983. (Doc. 1). She alleges that on March 21, 2006 Defendants Hall and Medina injured her by grabbing and twisting her arms and pepper spraying her in the face. Id. She further alleges that during this incident her right pinky finger was dislocated and that it is now permanently injured. Id. Coston-Moore filed a grievance on the next day and, after intermediary appeals, received the Director's Level Appeal Decision on January 22, 2007. (Doc. 15, Ex. 1, p. 1-3).

The Prison Litigation Reform ACT (PLRA) provides that "[n]o action shall be brought...until [the prisoner's] administrative remedies...are exhausted." 42 U.S.C. §

1 | 1997e(a). Dismissal without prejudice is required even when a prisoner exhausts her
2 | remedies after filing. Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006); McKinney v.
3 | Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002).

4 | In this case, it is undisputed that Plaintiff failed to exhaust her administrative remedies
5 | prior to filing this action. She admitted in her complaint at Section II that there was an
6 | available grievance process available, that she had filed a grievance, but that the process was
7 | not complete at the time of filing. (Doc. 1, p. 2). While her administrative remedies have
8 | long since been exhausted, the Court is still required to dismiss the action.

9 | **II.      Dismissal with Leave to Amend**

10 | Plaintiff will have 30 days from the date this Order is filed to file an amended
11 | complaint and may not incorporate any part of the original Complaint by reference. All
12 | grounds alleged in the original Complaint that are not alleged in the amended complaint will
13 | be waived. Hal Roach Studios v. Richard Feinder & Co., 896 F.2d 1542, 1546 (9th Cir.
14 | 1990); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

15 | **III.     Warnings**

16 | **A.     Address Changes**

17 | Plaintiff must file and serve a notice of any change of address. Plaintiff must not
18 | include a motion for other relief with a notice of change of address. Failure to comply may
19 | result in dismissal of this action.

20 | **B.     Copies**

21 | Plaintiff must submit an additional copy of every filing for use by the Court. Failure
22 | to comply may result in the filing being stricken without further notice to Plaintiff.

23 | **C.     Possible Dismissal**

24 | If Plaintiff fails to timely comply with every provision of this Order, including these
25 | warnings, the Court may dismiss the action without further notice. See Ferdik v. Bonzelet,
26 | 963 F.2d 1258, 1260-61 (9th Cir. 1992).

27 | **IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 15).

28 | **IT IS FURTHER ORDERED** dismissing this action without prejudice. Plaintiff has

30 days from the date of this Order to file her First Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter a judgment of dismissal of this action without prejudice, without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within 30 days.

DATED this 22nd day of December, 2010.

Raner C. Collins
United States District Judge