IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Renaye Coston-Moore, ) | No. 1:06-CV-01183-RCC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| L. Medina, et al., ) | |
| Defendant. ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 and alleges that on March 21, 2006 Defendants Hall and Medina injured her by grabbing and twisting her arms and pepper spraying her in the face. (Doc. 23). She further alleges that during this incident her right pinky finger was dislocated and that it is now permanently injured. (Id.) Defendants have filed their Motion for Summary Judgment, arguing that (1) their use of force was reasonable, necessary, and minimal, and (2) they are entitled to qualified immunity. (Doc. 35). The issues have been fully briefed, and the matter is now ready for ruling. (Docs. 34, 35 and 38-42). Because a genuine issue of material fact remains and Defendants are not entitled to qualified immunity, the Court will deny the motion.

**I. Evidentiary Issues**

Defendants concede in their reply and supplemental reply that a genuine issue of material

fact exists if the Court accepts all of the declarations submitted by Plaintiff. (Docs. 36 and 42). Defendants, however, urge the Court to disregard the original declarations submitted by Plaintiff, arguing they are inadmissible hearsay because they were not signed under penalty of perjury as required by 28 U.S.C. § 1746. (Id.). In addition, Defendants argue the Court should disregard the supplemental declarations submitted by Plaintiff because they (1) were not signed under penalty of perjury, and (2) are frauds on the Court. (Doc. 42). Accordingly, the Court must determine, first, what evidence is admissible for the purposes of summary judgment. Only then can it determine whether a genuine issue of material fact prevents summary judgment.

**A. Original Declarations**

Pursuant to FED.R.CIV.P. 56(c)(4), the Court may consider declarations made on personal knowledge that set out facts that would be admissible in evidence and show that the declarant is competent to testify to the matters stated. United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003). A declaration must be signed by the declarant under penalty of perjury. 28 U.S.C. § 1746. Id.

Plaintiff attached to her response the declarations of Inmates Thompson, Gallow, Tupuivao, Estrada, Caroline, and Calderon, who allege they witnessed Defendants' assault on Plaintiff on March 21, 2006. (Doc. 35 at Ex. A-C and E-F). None of the declarations were signed under penalty of perjury. For this reason, the Court will not consider any of the original declarations in deciding the Motion for Summary Judgment.

**B. Supplemental Declarations**

Plaintiff submitted a supplemental response (Doc. 40), and attached her declaration and the declarations of Inmates Gallow, Thompson, Estrada, and Tupuivao. (Doc. 41 at Ex. A-D). Plaintiff's supplemental declaration is not signed. Therefore, the Court will not consider Plaintiff's supplemental declaration in deciding the Motion for Summary Judgment.

The supplemental declarations of Gallow, Thompson, Tupuivao and Estrada were all signed under penalty of perjury. Still, Defendants asked the Court to hold an evidentiary hearing to authenticate the declarants' signatures. (Doc. 42). Defendants argued there is no

1  record of Gallow in the CDCR registry and that the signatures of Gallow, Thompson,
2  Tupuivao, and Estrada on the declarations submitted with the supplemental response do not
3  match their earlier declarations. (Id.). The Court granted Defendants' request for an
4  evidentiary hearing on the matter and referred the issue for hearing, and report and
5  recommendation. (Doc. 43).

6  Magistrate Judge Jennifer L. Thurston held an evidentiary hearing on April 25, 2012, and
7  filed a Report and Recommendation thereafter. (Docs. 55 and 56). The Recommendation
8  advised the Court to strike the declarations of Thompson and Tupuivao and deny Defendants'
9  request for termination sanctions. (Doc. 56). Defendants objected, arguing Plaintiff's
10 testimony that she did not know or suspect Thompson and Tupuvaio's declarations were
11 falsified is plainly incredulous. (Doc. 57). Defendants ask the Court to impose sanctions in
12 the form of either (1) termination, or (2) precluding Plaintiff from calling either Thompson
13 or Tupuivao at trial. (Id.).

14 The Court considers the Recommendation to be thorough and well-reasoned. The Court
15 cannot agree that Plaintiff's testimony at the evidentiary hearing is plainly incredulous.
16 Therefore, the Court will adopt the Recommendation and strike from the record Thompson
17 and Tupuivao's declarations. The Court will not impose dismissal sanctions or restrict
18 Plaintiff's ability to call witnesses as trial.

### C. Conclusion

20 The Court will not consider any of the original declarations or Plaintiff's supplemental
21 declaration because they were not signed under penalty of perjury. The Court will strike
22 from the record and not consider the supplemental declarations of Thompson and Tupuivao
23 because these declarations were falsified. Only the supplemental declarations of Gallow and
24 Estrada remain in support of Plaintiff's opposition to the Motion for Summary Judgment.

## II. Factual Allegations

### A. Defendants' Version

27 During the evening meal on the day in question, Plaintiff stuck her right arm out of her
28 cell's food port. (SOF ¶ 6). CO Medina ordered Plaintiff to put her arm back in the cell so

- 3 -

1  he could close the food port, but Plaintiff refused to pull her arm back in until she spoke with
2  the Sergeant. (SOF ¶ 7). When Sergeant Hall approached Plaintiff's cell, he also ordered
3  her to pull her arm back in. (SOF ¶ 8-10). Plaintiff again refused, telling Sergeant Hall he
4  would have to put her arm back in for her. (SOF ¶ 10). Sergeant Hall again ordered Plaintiff
5  to pull her arm back, and she again refused. (SOF ¶ 12).

6      Because Plaintiff's behavior was interrupting the distribution of the evening meal,
7  Sergeant Hall grabbed her right arm with both hands and attempted to push it back inside the
8  cell. (SOF ¶ 12-13). Plaintiff resisted by pushing her right arm outward and holding onto
9  the food port with her left hand. (SOF ¶ 13). CO Medina grabbed Plaintiff's left hand, but
10 she broke free and struck at him. (SOF ¶ 14-15). CO Medina sprayed Plaintiff in the chest
11 and face with a burst of pepper spray, and Plaintiff withdrew her arms and backed away from
12 the cell door. (SOF ¶ 17-18). Sergeant Hall then closed the food port. (SOF ¶ 18).

13     Ten minutes after the incident, Plaintiff was evaluated by medical staff. (SOF ¶ 20).
14 They noted only small abrasions on her arms and hands. (SOF ¶ 21). Sergeant Hall visited
15 Plaintiff's cell forty minutes after the incident, and Plaintiff did not mention any injury or ask
16 for medical attention. (SOF ¶ 23).

17 **B. Plaintiff's Version**

18     During evening meal on the day in question, Plaintiff asked CO Medina to flush her
19 toilet. (Gallow Declaration at 1:16-17). Sergeant Hall came to her cell door and "began
20 yelling, asking Moore what she was doing..." (Id. at 1:21-22). After that, he yelled that he
21 had come from a men's prison, that Plaintiff was not a real man, and that he would break
22 Plaintiff's arm. (Id. at 1:23-25; Estrada Declaration at 1). Sergeant Hall grabbed Plaintiff's
23 right arm and began pulling it towards him, through the food port. (Gallow at 1:26-2:1).
24 Plaintiff yelled for Sergeant Hall to stop. (Gallow at 2:2; Estrada at 1). Sergeant Hall
25 ordered CO Medina to spray Plaintiff with pepper spray. (Gallow at 2:3-5). Plaintiff tried
26 to block the spray with her left arm, but CO Medina grabbed her left arm and began twisting
27 and pulling it. (Id. at 2:7-9). Defendants continued pulling on Plaintiff's arms until she
28 yelled that they had broken her finger. (Id. at 10-12; Estrada at 2).

- 4 -

After Defendants left, Plaintiff continued to yell that they had broken her finger. (Gallow at 2:13-14; Estrada at 2). A nurse arrived after thereafter, but refused to examine Plaintiff's finger. (Gallow at 2:13-19).

**III. Analysis**

Summary judgment is appropriate when the undisputed material facts, taken in a light more favorable to the non-moving party, demonstrate the moving party is entitled to judgment in its favor as a matter of law. Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986). Summary judgment must be granted if party responding to the motion fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotox Corp. v. Catrett, 477 U.S. 317, 325 (1986). When moving party does not bear the burden of proof, summary judgment is warranted by demonstration of an absence of facts to support non moving party's case. Id..

**A. Excessive Force Claim**

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

According to Estrada and Gallow, immediately prior to using force on Plaintiff, Sergeant Hall mocked her gender identity and threatened to break her arm. In addition, both Defendants continued to use force, including pepper spray, after Plaintiff indicated she would comply. On this basis, a reasonable fact finder could conclude that Defendants acted sadistically and maliciously in their encounter with Plaintiff.

**B. Qualified Immunity**

The qualified immunity analysis is a two-part inquiry. The court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right, and the court must determine whether the right was clearly established at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001).

- 5 -

1   Defendants first argue that the evidence does not demonstrate they violated Plaintiff's
2   constitutional rights. (Doc. 34 at 10:1-7). As discussed above, however, the evidence taken
3   in the light most favorable to Plaintiff demonstrates that Defendants did use excessive force.
4   Defendants claim they are also entitled to qualified immunity under the second prong but
5   fail to provide any relevant argument. (Id. at 10:8-20). This is not enough, and Defendants
6   are not entitled to qualified immunity.

**IV. Conclusion**

The Court will accept Magistrate Judge Thurston's Recommendation and permit Plaintiff to rely on the supplemental declarations of Gallow and Estrada. Based on this evidence, a reasonable fact finder could find for Plaintiff as to her excessive force claim against Sergeant Hall and CO Medina. Accordingly,

**IT IS ORDERED** adopting Magistrate Judge Thurston's Recommendation. (Doc. 56). The Clerk of Court shall strike the supplemental declarations of Thompson and Tupuivao from the record. (Doc. 41, Ex. B and D). The Court will not enter any other sanctions.

**IT IS FURTHER ORDERED** denying Defendants' Motion for Summary Judgment. (Doc. 34).

**IT IS FURTHER ORDERED** the parties to this action shall each, no later than fifteen (15) days from the date of the order, submit confidential statements as described below. The confidential statements shall not be served on the opposing party or filed with the court, but instead, delivered by mail, fax, email or personal delivery to the court's Alternative Dispute Resolution (ADR) division at the address, fax number or email address below and marked "Confidential."  Such statements shall be limited to five (5) pages and shall include the following:

   1) the party's assessment of whether the instant action is of the type that would benefit from a settlement proceeding;
   2) the party's assessment of what factors, if any, will prevent settlement of this matter prior to trial; and
   3) any additional information the court may find useful in determining whether to set this

1     matter for a settlement conference.

2   Should the Court determine this action to be appropriate for referral to the Prisoner Settlement Program, the Court will set this matter for settlement conference before a magistrate judge or district judge.

5   DATED this 27th day of July, 2012.

                              */s/ Raner C. Collins*
                              Raner C. Collins
                              United States District Judge