# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Renaye Coston-Moore, | CASE NO. 1:06-cv-01183-RC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES |
| v. | |
| L. Medina, et al., | (Docs. 72 & 73) |
| Defendants. | |

On May 21, 2013, Plaintiff timely filed motions (Docs. 72 & 73) for the attendance of two incarcerated witnesses: Lucretia Gallow and Brandy Lee Estrada. Defendants filed a statement of non-opposition to the motions (Doc. 79).

**I.  Incarcerated Witnesses Who Agree to Testify**

In determining whether to grant Plaintiff's motions for the attendance of Gallow and Estrada, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct.

2293 (1995).

Plaintiff's Motion (Doc. 72) includes a signed declaration by Brandy Lee Estrada. In her declaration, Estrada states that she was present at and witnessed the incident that is the basis for this case, and she describes specifically what she saw and heard during the incident. Plaintiff's Motion (Doc. 73) includes a signed declaration submitted by Plaintiff on behalf of Lucretia Gallow. Plaintiff's declaration states that though she is no longer housed in the same unit as Gallow, when she last spoke with Gallow in January 2013, Gallow confirmed she was willing to testify in this case. Plaintiff's Motion (Doc. 73) also includes a copy of Gallow's sworn statement, received by the Inmate Appeals Office on July 11, 2006, describing what Gallow heard and observed on the date of the incident. The Court finds Estrada and Gallow have actual knowledge of the relevant facts and that this testimony will be relevant to Plaintiff's case. The Court has no information before it that Estrada or Gallow pose any exceptional security risk, or that transport and security are unduly burdensome. Estrada and Gallow are both located at a prison less than an hour away, so extensive travel is not an issue. Finally, the Court has no information before it regarding the length of Estrada's or Gallow's sentence. Therefore, delaying the trial is not an option.

Based on the proposed testimony of the witnesses, who allegedly witnessed events relevant to Plaintiff's claims, the Court will grant Plaintiff's motions for the attendance of incarcerated witnesses Brandy Lee Estrada and Lucretia Gallow.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions (Docs. 72 & 73) for the attendance of incarcerated witnesses, filed May 21, 2013, are GRANTED;
2. Plaintiff is permitted to call Brandy Lee Estrada and Lucretia Gallow to testify.
3. Orders directing the transportation of Plaintiff and inmates Brandy Lee Estrada and Lucretia Gallow will be issued closer to the trial date.

DATED this 25th day of June, 2013.

_____
Raner C. Collins
United States District Judge